IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GREGORY D. JONES JR., *et al.*,    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| v.    ) | CIVIL CASE NO. 3:24-cv-369-ECM |
| ) | [WO] |
| DIJOIN M. MCCOY, *et al.*,    ) | |
| ) | |
| Defendants.    ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

Now pending before the Court is the Plaintiffs' motion to remand. (Doc. 14).[1] On May 17, 2024, Plaintiffs Gregory D. Jones Jr. ("Jones") and Emily D. Henry ("Henry"), Georgia citizens (collectively the "Plaintiffs"), sued Dijoin M. McCoy ("McCoy"), an Alabama citizen; R.M. Greene, Inc., d/b/a CTV Beam ("R.M. Greene, Inc."), an Alabama citizen; and State Farm Mutual Automobile Insurance Company ("State Farm"), an Illinois citizen[2] (collectively the "Defendants"); and fictitious defendants[3] in the Circuit Court of

---

[1] The Court refers to the document and page numbers generated by CM/ECF.

[2] The Defendants' notice of removal states that State Farm is an Illinois citizen. (Doc. 1 at para. 6).  The Plaintiffs argue that State Farm is a citizen of Alabama. (Doc. 14 at para. 2).  Despite the parties' disagreement, the Court pretermits discussion on State Farm's citizenship because it is not dispositive regarding the Plaintiffs' pending motion to remand. (Doc. 14).  Therefore, the Court assumes without deciding that State Farm is an Illinois citizen.

[3] For the purposes of determining whether this action is removable, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Russell County, Alabama, Case Number 57-CV-2024-900132.00, for claims stemming from an automobile accident. (Doc. 1-1 at 3–12); (doc. 1 at paras. 2–6).

On June 24, 2024, the Defendants removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 at 1). On July 24, 2024, the Plaintiffs moved to remand this case to state court in compliance with 28 U.S.C. § 1447(c). (Doc. 14). The motion is fully briefed and ripe for review. For the reasons that follow, the Plaintiffs' motion to remand (doc. 14) is due to be GRANTED.

## II. STANDARD OF REVIEW

This Court, like all federal courts, is a "court[] of limited jurisdiction" and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may only remove "state-court actions that originally could have been filed in federal court." 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because "removal jurisdiction raises significant federalism concerns," federal courts must "construe removal statutes strictly[,]" and all doubts regarding the existence of federal jurisdiction "should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted). Pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a) federal jurisdiction exists—and removal is proper—if the parties are completely diverse and the amount in controversy exceeds $75,000. *Caterpillar*, 482 U.S. at 392.

"[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). Moreover, subject-matter jurisdiction may be challenged at any point in the litigation by the parties or

raised *sua sponte* by the Court. *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 548 (2019) ("Unlike most arguments, challenges to subject-matter jurisdiction may be raised by the defendant 'at any point in the litigation,' and courts must consider them *sua sponte*." (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012))); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to state court].").

A civil action, otherwise removable under diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants *is a citizen of the State in which such action is brought*." 28 U.S.C. § 1441(b)(2) (emphasis added). Commonly referred to as the "forum defendant rule,"[4] this rule is procedural in nature rather than jurisdictional. *See generally Bowman v. PHH Mortg. Corp.*, 423 F. Supp. 3d 1286, 1291–92 (N.D. Ala. 2019) (describing the genesis of the "forum defendant rule" as a procedural requirement).[5] Because the forum defendant rule is procedural in nature, it can be waived. *Pacheo de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998) ("removal of a case with resident defendants is a procedural defect . . . [but] the defect is *waivable*") (emphasis in original). A plaintiff must object to this procedural defect, the forum defendant's removal, within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). If a plaintiff properly objects to removal by invoking the forum

---

[4] The Plaintiffs refer to the forum defendant rule as the "resident defendant rule." (Doc. 14 at paras. 3, 6). For purposes of this memorandum opinion, the Court views the "resident defendant rule" and the "forum defendant rule" as the same rule articulated under 28 U.S.C. § 1441(b)(2). The Court uses "forum defendant" rather than "resident defendant."

[5] While the Court recognizes that *Bowman* is non-binding authority, the Court finds its analysis persuasive.

defendant rule—removal is procedurally barred, and a federal court must remand the action to state court. *See Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) ("When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed.").

### III.  DISCUSSION

The Defendants' notice of removal alleges that jurisdiction is proper in this Court because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. (Doc. 1 at paras. 1, 9).  The Defendants allege that "based upon the facts as known" the Plaintiffs are seeking "damages in excess" of $75,000. (*Id.* at para. 9).  The Defendants further allege that Jones and Henry are citizens of Georgia (*id.* at paras. 2–3); McCoy and R.M. Greene, Inc. are citizens of Alabama (*id.* at paras. 4–5); and that State Farm is a citizen of Illinois (*id.* at para. 6).  The Plaintiffs' motion to remand does not substantively challenge the Defendants' citizenship allegations.[6]  Instead, the Plaintiffs invoke the forum defendant rule.

Removal under diversity jurisdiction is improper "if any of the parties in *interest properly joined and served as defendants is a citizen of the State in which such action is brought*." 28 U.S.C. § 1441(b)(2) (emphasis added).  The Plaintiffs filed this lawsuit in Alabama state court, and Defendants McCoy and R.M. Greene, Inc. are properly served

---

[6] Indeed, the Plaintiffs argue that State Farm is a citizen of Alabama.  However, the Plaintiffs note "it is not necessary to make that argument" because McCoy and R.M. Greene, Inc. are Alabama citizens and thus "the Resident Defendant rule applies, and this case should be remanded." (Doc. 14 at paras. 2, 5–6).

4

Alabama citizens.  Therefore, the forum defendant rule applies, the Defendants' removal was improper, and this suit must be remanded to the Circuit Court of Russell County, Alabama.

Notably, the Defendants do not oppose the Plaintiffs' motion to remand (doc. 14) and concede that remand "is due to be granted." (*See* docs. 16 and 18).  The Plaintiffs objected to the Defendants' notice of removal within thirty days under 28 U.S.C. § 1447(c).  Therefore, the Plaintiffs did not waive the right to contest the Defendants' procedurally defective notice of removal.  Upon consideration of the notice of removal (doc. 1), the Plaintiffs' motion to remand (doc. 14), and the Defendants' responses (docs. 16 and 18), the Court grants the Plaintiffs' motion and remands this matter to Alabama state court.

## IV.  CONCLUSION

For the reasons stated, it is hereby ORDERED as follows:

1. The Plaintiffs' motion to remand (doc. 14) is GRANTED.

2. The case is REMANDED to the Circuit Court of Russell County, Alabama.

DONE this 24th day of September, 2024.

                                                /s/ Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE